IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. BARRETT R. BATES, qui tam plaintiff, on behalf of real parties in interest, ALAMEDA COUNTY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>        Defendants. | 2:10-cv-01429-GEB-CMK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND[*] |

        Plaintiff relator Barrett Bates ("Bates") moves to remand this qui tam action to Lassen County Superior Court in the State of California from which Defendants removed it.

        Plaintiff argues complete diversity is lacking because the State of California is a real party to the controversy, and states, as domestic sovereigns, are not citizens for purposes of diversity jurisdiction. (Mot. to Remand 4:25-5:5.) Defendant counters, arguing the State "is not a real party in interest, [and] it must be disregarded for purposes of determining diversity of citizenship." (Opp'n 1:14-15.)

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

In qui tam actions, "[q]ui tam relators . . . sue on behalf of the government . . ., which is always the real party in interest." <u>U.S. ex rel. Hyatt v. Northrop Corp.</u>, 91 F.3d 1211, 1217 n.8 (9th Cir. 1996). Under the CFCA, however, relators can sue on behalf of a state *or* a political subdivision. <u>State ex rel. Harris v. PricewaterhouseCoopers, LLP</u>, 39 Cal. 4th 1220, 1227 (2006). Plaintiff alleges in his complaint that he brings this suit "on behalf of real parties in interest, the Counties of California." (Compl. 2:15-16; <u>Id.</u> ¶ 3 ("The Counties are the real parties in interest.").) Plaintiff also alleges Defendants failed to comply with "the *counties'* recording requirements . . . and recorded false documents to initiate and pursue non-judicial foreclosures," and in doing so "avoid[ed] payment of [recording] fees to the *Counties* and the Cities where the real estate is located." (Compl. ¶ 54 (emphasis added).) Plaintiff has failed to point to any allegation in his complaint showing that he is also suing on behalf of the State. The "[C]ourt must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 461 (1980). Since Plaintiff's allegations fail to show that the State is anything more than a nominal party, it is disregarded for determining whether complete diversity exists.

    Plaintiff also argues complete diversity is lacking because under 28 U.S.C. § 1332, Defendant Wells Fargo is a citizen of California, its principal place of business. Defendants counter since Wells Fargo is a national banking association, 28 U.S.C. § 1348, not § 1332, controls the determination of which state Wells Fargo is a citizen. Under 28 U.S.C. § 1348, "all national banking

2

associations shall . . . be deemed citizens of the States in which they are respectively located." Unlike § 1332, § 1348 does not state that a national banking association "shall be deemed to be a citizen of any State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The Supreme Court has held that under § 1348, a national bank, is "located" "in the State designated in its articles of association as its main office." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Wells Fargo's main office, as designated in its articles of association, is located in Sioux Falls, South Dakota. (Goldberg Decl. Ex. 1, Wells Fargo Articles of Association.) Accordingly, Wells Fargo is a citizen of South Dakota, and "Wells Fargo is not a citizen of California." DeLeon v. Wells Fargo Bank, N.A., 2010 WL 2382404, at *2 (N.D. Cal. 2010); see also Wells Fargo Bank, N.A. v. WMR e-Pin, LLC, 2008 WL 5429134, at *1 (D. Minn. 2008) ("Wells Fargo Bank is not a citizen of California, [and] the Court rejects Respondents' assertion that complete diversity of citizenship does not exist.").

        Lastly, Plaintiff argues diversity is defeated because the unidentified Does include "corporations . . . headquartered in California." (Plt.'s Mot. to Remand 9:3.) However, "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction[,]" Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1987), when it amended the removal statute to include the following language: "For purposes of removal . . ., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. 1441(a). Therefore, the Doe defendants are disregarded for purposes of resolving Plaintiff's motion.

Since Plaintiff has not shown that removal was improper, Plaintiff's motion to remand this action is DENIED.

Dated: July 21, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge